IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICHARD S. JARRETT                                                              PLAINTIFF

v.                                     CIVIL NO. 19-cv-03048

ANDREW SAUL, Commissioner                                          DEFENDANT
Social Security Administration

## **MEMORANDUM OPINION**

Plaintiff, Richard S. Jarrett, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his application for DIB on March 17, 2016. (Tr. 15). In his application, Plaintiff alleged disability beginning on January 30, 2016, due to nerve damage, balance issues, after-effects of radiation and hormone treatments, difficulty walking and standing, and high blood pressure. (Tr. 15, 202). An administrative hearing was held on October 11, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 15, 36-79).

On October 17, 2018, the ALJ issued an unfavorable decision. (Tr. 12). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: degenerative disc disease (disorders of the back – discogenic and degenerative); essential hypertension; obesity; status post back surgery. (Tr. 17-19). After

1

reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 19). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b), except lift and/or carry 20 lbs. occasionally, lift and/or carry 10 lbs. frequently, stand/walk 6 hours in an 8 hour workday with normal breaks, sit 6 hours in an 8 hour workday with normal breaks, push and with limitations pursuant to lift/carry limitations, climb ramps and stairs occasionally, climb ladders, ropes, and scaffolds occasionally, balance, stoop, kneel, crouch, and crawl occasionally, reach on the right with front and/or lateral and overhead occasionally, reach overhead on the left occasionally, handle and finger on the right occasionally, use foot control on the right occasionally, and limited to jobs that can be performed with a handheld assistive device while walking on uneven terrain.
> (Tr. 20-37).

The ALJ found Plaintiff would be unable to perform any of his past relevant work. (Tr. 27). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of furniture rental consultant or counter clerk. (Tr. 28-29). The ALJ found Plaintiff was not disabled from January 30, 2016, through the date of his decision. (Tr. 29).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings one point on appeal, whether the ALJ's RFC determination was unsupported by substantial evidence due to being based solely on the opinions of non-examining state agency physicians. (Doc. 13, pp. 3-8). More specifically, Plaintiff argues the ALJ erred in his assignment of less weight to the opinions of three treating and one examining physician while giving substantial weight to the opinions of the state agency consultants. Id.

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 1st day of July 2020.

/s/ *Erin L. Wiedemann*
   HON. ERIN L. WIEDEMANN
   UNITED STATES MAGISTRATE JUDGE